UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patricia Crumley, on behalf of Herself and all others similarly situated, <br><br>   Plaintiff, <br><br> v. <br><br> Time Warner Cable, Inc. a division of Time Warner Entertainment Company, Inc. <br><br>   Defendant. | ) ) ) ) ) ) ) Court File No. 07-cv-3946 (JNE/JJG) ) ) ) ) ) ) ) |

## DECLARATION OF JEANNIE BOLDT

1. My name is Jeannie Boldt. I am more than 18 years of age and competent in all respects to testify to the matters set forth herein. I have personal knowledge of the matters set forth herein.

2. I am currently employed as a Marketing Manager at Comcast Cable ("Comcast") within the division that includes the Minneapolis cable system. The local Comcast cable system was previously owned by Time Warner Cable, Inc. ("TWC"), at which time I was an employee of TWC. The local cable system transitioned from TWC to Comcast in August, 2006. I have worked for the local cable system for the last twenty-six years.

3. I am familiar with the customs and practices TWC used to update its Subscriber Agreements and ensure that those Agreements were provided to each customer. I am familiar with these practices because one of the responsibilities of my department was to ensure that updated Agreements were mailed to each customer.

4. TWC business records confirm that Plaintiff Patricia Crumley became a customer on July 1, 1999. Plaintiff remained a Company customer through at least March 2007.

5. During the time period when TWC operated the Minneapolis cable franchise, TWC residential service customers were subject to a Residential Services Subscriber Agreement ("Agreement") which governed their relationship with the Company. These Agreements were periodically updated by TWC. Updated Agreements were sent to customers with the customer's monthly bill.

6. TWC, through my department, contracted with an outside vendor, Comtec Incorporated ("Comtec"), to ensure that updated Agreements were included and sent to customers with the customer's monthly bill. TWC and Comtec completed an "Insert Authorization Form" which specified the type of insert that would be included with the future customer bills for a specific period of time.

7. On January 9, 2006, TWC executed an Insert Authorization Form with Comtec to ensure that updated Agreements would be included with all TWC customer invoices for bills sent to customers from 1/22/06 through 2/22/06. A true and correct copy of the Insert Authorization Form is attached hereto as Exhibit A.

8. The Agreement was included with the customer bill sent to Plaintiff during the time period from 1/22/06 to 2/22/06. A true and correct copy of the Agreement is attached hereto as Exhibit B.

9. Plaintiff's receipt of this bill and the relevant Agreement is demonstrated by the fact that she made payments on the bill in which the Agreement was enclosed.

Specifically, TWC's business records reflect that Plaintiff made payments to TWC on February 24, 2006 and March 9, 2006.

10. The Agreement included in the customer bill sent to Plaintiff includes an Arbitration Clause. The Arbitration Clause in the Agreement was in all capital letters to draw the consumer's attention to the clause. Specifically, the Agreement states:

> Except for claims for injunctive relief as described below, any past, present, or future controversy or claim arising out of or related to this agreement shall be resolved by binding arbitration administered by the American Arbitration Association under its commercial arbitration rules. Including, if applicable, the supplementary procedures for the resolution of consumer related disputes. Consolidated or class action arbitrations shall not be permitted. The arbitrator of any dispute or claim brought under or in connection with this agreement shall not have the power to award injunctive relief. Injunctive relief may be sought solely in an appropriate court of law. No claim subject to arbitration under this agreement may be combined with a claim subject to resolution before a court of law. The arbitrability of disputes shall be determined by the arbitrator. Judgment upon an award may be entered in any court having competent jurisdiction. If any portion of this section is held to be unenforceable, the remainder shall continue to be enforceable.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge and belief.

Executed on November, 9 2007 at St. Paul, Minnesota.


                                                        s/ Jeannie Boldt
                                                        Jeannie Boldt